E-FILED
Tuesday, 19 May, 2009 10:13:31 AM
Clerk, U.S. District Court, ILCD

3854 MJM

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## DANVILLE/URBANA DIVISION

| | |
|---|---|
| BRAD R. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 08 CV 2192 |
| | ) |
| CITY OF KANKAKEE, | ) |
| STATE OF ILLINOIS, BRENDA FELTON, | ) |
| JAN BOND and AQUA ILLINOIS, INC., | ) |
| | ) |
| Defendants. | ) |

## CITY OF KANKAKEE'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND MOTION TO DISMISS

NOW COMES the Defendant, CITY OF KANKAKEE, by and through its attorneys, PURCELL & WARDROPE, CHTD., and for its Response to Plaintiff's Motion for Entry of Default and Motion to Dismiss, hereby states as follows:

### INTRODUCTION

This cause of action was originally filed on August 11, 2008 against the City of Kankakee ("Kankakee"), Brenda Felton, A Able, and B Baker. On January 12, 2009, this Honorable Court noted that the docket did not "reflect service of process as to any of the defendants" and ordered the plaintiff to file, on or before January 26, 2009, proof of service of process or a signed waiver of service as to all defendants." (Exhibit A at 3). The court further noted that failure to do so would render the Plaintiff's Complaint "subject to dismissal as to any defendants that were not served within the 120-day time limit." *Id.* On January 27, 2009, this Court extended that deadline to March 24, 2009 with respect to defendants Kankakee and Brenda Felton, noting that "failure to [serve Kankakee and Felton by that date] will result of dismissal of

this case in its entirety." (Exhibit B at 2). In the same order, this Court dismissed defendants A. Able and B. Baker as the "deadline to serve those defendants [had] passed." *Id.* at 1-2.

On March 20, 2009, the Plaintiff filed its Amended Complaint. (Exhibit C). The Amended Complaint did not name A. Able and B. Baker as defendants. It did, however, for the first time, name Jan Bond and Aqua, Inc. as defendants. In any case, the Plaintiff attempted to affect service of the complaint on Kankakee by having a copy hand delivered to one of Kankakee's attorneys, Chris Bohlen, on March 20, 2009. (See Summons and Return of Service attached hereto as Exhibit D and Affidavit of Chris Bohlen attached hereto as Exhibit E). On April 7, 2009, this Court ordered Defendants Kankakee, Bond, and Felton to Answer the Plaintiff's Complaint by April 9, 2009. (Exhibit A at 3). The Plaintiff filed the instant Motion for Default Judgment on April 29, 2009. *Id.* at 4. However, where the Plaintiff failed to serve the City Clerk or the Mayor of Kankakee within the time prescribed by this Court's January 27, 2009 order, his Complaint must be dismissed as to the City of Kankakee, and his Motion for Default must be denied.

## ARGUMENT

The Law governing the proper means of service on a government entity is governed by Federal Rule of Civil Procedure 4 and, by reference, the Illinois Code of Civil Procedure. FRCP(4)(j)(2) provides, in pertinent part:

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> ...
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Under 735 ILCS 5/2-211:

> In actions against public, municipal, governmental or quasi-municipal corporations, summons may be served by leaving a copy . . . with the mayor or city clerk in the case of a city.

It is undisputed that Chris Bohlen is an attorney for the City of Kankakee, and the Plaintiff has already admitted that he is aware of Mr. Bohlen's occupation. (See Second Amended Verified Complaint from the Plaintiff's prior lawsuit attached hereto as Exhibit F at 5 in which he identifies Chris Bohlen as an "investigative attorney for Kankakee" and Exhibit E). Indeed, per the attached summons, the Plaintiff requested that the City of Kankakee be served "c/o City Attorney." Chris Bohlen is not now, nor has he ever been the Clerk of the City of Kankakee or its Mayor. (Exhibit E).

FRCP 4(j)(2) and 735 ILCS 5/2-211 are clear and unambiguous. Equally clear and unambiguous was this Court's ruling that failure by the Plaintiff to serve Kankakee by March 24, 2009 would render the Plaintiff's Complaint "subject to dismissal." In any case, the Plaintiff certainly cannot obtain a default judgment against Kankakee when Kankakee was never properly served. *See Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995) (Default motion against City of Madison, Wisconsin denied where the Plaintiff attempted service by delivering a copy of the Complaint to the City's attorney as opposed to its mayor or clerk).

WHEREFORE, Defendant, CITY OF KANKAKEE, respectfully requests that this Honorable Court deny the Plaintiff's Motion for Entry of Default against it and dismiss his Amended Complaint as to the City of Kankakee.

Respectfully submitted,

PURCELL & WARDROPE, CHTD.

By:     /s/ Brad S. Purcell
        Brad S. Purcell
        Attorney for Defendant,
        CITY OF KANKAKEE

Brad S. Purcell, Atty. No. 6196812
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
E-mail: bsp@pw-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 18, 2009,** I electronically filed City of Kankakee's Response to Plaintiff's Motion for Entry of Default and Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

### NONE

I hereby certify that on **May 18, 2009,** I mailed, via U.S. Mail, City of Kankakee's Response to Plaintiff's Motion for Entry of Default and Motion to Dismiss to the following non-registered participants:

**PRO SE PLAINTIFF**
Brad R. Johnson, Ph.D., J.D.
School of Business
FRANCIS MARION UNIVERSITY
P.O. Box 100547
Florence, SC 29501-0547

/s/ Sarah N. Johnson
Sarah N. Johnson
Assistant to Jennifer E. Simms
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
Tel: (312) 427-3900
Fax: (312) 427-3944

PROSE

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Urbana)
## CIVIL DOCKET FOR CASE #: 2:08-cv-02192-HAB

Johnson v. City of Kankakee State of Illinois et al
Assigned to: Judge Harold A. Baker
Demand: $4,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 08/11/2008
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Brad R Johnson**

represented by **Brad R Johnson**
School of Business
Francis Marion University
Box 100547
Florence, SC 29501-0547
843-661-1427
PRO SE

V.

**Defendant**

**City of Kankakee State of Illinois**

represented by **Bradford S Purcell**
PURCELL & WARDROPE CHTD
Suite 1200
10 S LaSalle St
Chicago , IL 60613
312-427-3900
Fax: 312-427-3944
Email: bsp@pw-law.com
*LEAD ATTORNEY*

**Jennifer E Simms**
PURCELL & WARDROPE CHTD
Suite 1200
10 S LaSalle St
Chicago , IL 60613
312-427-3900
Fax: 312-427-3944
Email: jes@pw-law.com

**Defendant**

**Brenda Felton**

represented by **Bradford S Purcell**
(See above for address)
*LEAD ATTORNEY*

DEFENDANT'S
EXHIBIT
A

*ATTORNEY TO BE NOTICED*

**Jennifer E Simms**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**A Able**
*TERMINATED: 01/27/2009*

**Defendant**

**B Baker**
*TERMINATED: 01/27/2009*

**Defendant**

**Jan Bond**                                 represented by **Bradford S Purcell**
                                             (See above for address)
                                             *LEAD ATTORNEY*

                                             **Jennifer E Simms**
                                             (See above for address)

**Defendant**

**Aqua Illinois Inc**                        represented by **Christian G Spesia**
                                             SPESIA AYERS & ARDAUGH
                                             1415 Black Rd
                                             Joliet , IL 60435
                                             815-726-4311
                                             Fax: 815-726-6828
                                             Email: cspesia@spesia-ayers.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/11/2008 | 1 | COMPLAINT against City of Kankakee State of Illinois, Brenda Felton, A Able, B Baker (Filing fee $ 350.00)(Receipt 24626000304), filed by Brad R Johnson. (Attachments: # 1 Exhibits to Complaint) (VB, ilcd) (Entered: 08/11/2008) |
| 11/24/2008 | 2 | Summons Issued as to City of Kankakee State of Illinois, and Brenda Felton, and the original and one copy returned to plaintiff, Brad Johnson, for service on defendants by Clerk. (VB, ilcd) (Entered: 11/24/2008) |
| 01/12/2009 |   | TEXT ORDER Entered by Judge Harold A. Baker on 1/12/09. The plaintiff commenced this lawsuit on August 11, 2008. The docket does not reflect service of process as to any of the defendants. The plaintiff is ordered to file, on or before January 26, 2009, proof of service of process or a signed waiver of service as to all defendants, or his complaint will be subject to dismissal as to any defendants that were not served within the 120-day limit specified in Fed. |

| | | R. Civ. P. 4(m). Copy mailed to pro se plaintiff. ( Miscellaneous Deadline 1/26/2009). (KW, ilcd) (Entered: 01/12/2009) |
|---|---|---|
| 01/23/2009 | 3 | Response by Brad R Johnson re Order, Set/Reset Deadlines:,,,,. (Attachments: # 1 Exhibit)(KW, ilcd) (Entered: 01/23/2009) |
| 01/27/2009 | 4 | ORDER entered by Judge Harold A. Baker on 1/27/09. The court extends until March 24, 2009, the time within which Johnson shall effect service on the defendants, City of Kankakee and Brenda Felton. He shall file on or before April 7, 2009, proof of service of process as to those defendants. Failure to do so will result in dismissal of this case in its entirety. Defendants' A Able and B Baker are terminated. Copy of Order mailed to pro se plaintiff. See written Order. (SLJ, ilcd) (Entered: 01/27/2009) |
| 03/20/2009 | 5 | AMENDED COMPLAINT against Jan Bond, Aqua Illinois Inc, City of Kankakee State of Illinois, Brenda Felton, filed by Brad R Johnson.(KW, ilcd) (Entered: 03/20/2009) |
| 03/20/2009 | 6 | Summons Issued as to Jan Bond, Aqua Illinois Inc. and given back to pro se plaintiff for service. (KW, ilcd) (Entered: 03/20/2009) |
| 04/07/2009 | 7 | Return of Service Executed by Brad R Johnson as to City of Kankakee State of Illinois 3/20/2009. (KW, ilcd) (Entered: 04/07/2009) |
| 04/07/2009 | 8 | Return of Service Executed by Brad R Johnson as to Brenda Felton 3/20/2009. (KW, ilcd) (Entered: 04/07/2009) |
| 04/07/2009 | 9 | Return of Service Executed by Brad R Johnson as to Aqua Illinois Inc 3/24/2009. (KW, ilcd) (Entered: 04/07/2009) |
| 04/07/2009 | 10 | Return of Service Executed by Brad R Johnson as to Jan Bond 3/20/2009. (KW, ilcd) (Entered: 04/07/2009) |
| 04/07/2009 | | Set/Reset Deadlines: City of Kankakee State of Illinois answer due 4/9/2009. (KW, ilcd) (Entered: 04/07/2009) |
| 04/07/2009 | | Set/Reset Deadlines: Brenda Felton answer due 4/9/2009. (KW, ilcd) (Entered: 04/07/2009) |
| 04/07/2009 | | Set/Reset Deadlines: Aqua Illinois Inc answer due 4/13/2009. (KW, ilcd) (Entered: 04/07/2009) |
| 04/07/2009 | | Set/Reset Deadlines: Jan Bond answer due 4/9/2009. (KW, ilcd) (Entered: 04/07/2009) |
| 04/07/2009 | 11 | CERTIFICATE OF SERVICE by Brad R Johnson re 10 Return of Service Executed, 7 Return of Service Executed, 8 Return of Service Executed, 9 Return of Service Executed (KW, ilcd) (Entered: 04/07/2009) |
| 04/13/2009 | 12 | NOTICE of Appearance of Attorney by Christian G Spesia on behalf of Aqua Illinois Inc (Spesia, Christian) (Entered: 04/13/2009) |
| 04/13/2009 | 13 | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by Aqua Illinois Inc. (Spesia, Christian) (Entered: 04/13/2009) |
| | | |

| 04/13/2009 | 14 | MOTION to Dismiss *Count V of Plaintiff's First Amended Complaint* by Defendant Aqua Illinois Inc. Responses due by 4/30/2009 (Spesia, Christian) (Entered: 04/13/2009) |
|---|---|---|
| 04/13/2009 | 15 | MEMORANDUM in Support re 14 MOTION to Dismiss *Count V of Plaintiff's First Amended Complaint* filed by Defendant Aqua Illinois Inc. (Attachments: # 1 Exhibit A Affidavit, # 2 Exhibit A Group Exhibit 1 Part I, # 3 Exhibit A, Group Exhibit 1--Part 2, # 4 Exhibit A, Group Exhibit 1--Part 3, # 5 Exhibit A, Group Exhibit 1--Part 4, # 6 Exhibit B, # 7 Exhibit C)(Spesia, Christian) (Entered: 04/13/2009) |
| 04/13/2009 | 16 | CERTIFICATE of Service/Counsel re 13 Certificate of Interest, 14 MOTION to Dismiss *Count V of Plaintiff's First Amended Complaint*, 15 Memorandum in Support of Motion, 12 Notice of Appearance of Attorney by Christian G Spesia on behalf of Aqua Illinois Inc (Spesia, Christian) (Entered: 04/13/2009) |
| 04/13/2009 | 17 | RULE 56 DISMISSAL NOTICE re 14 MOTION to Dismiss *Count V of Plaintiff's First Amended Complaint* mailed to pro se plaintiff Brad R Johnson by Clerk. (VB, ilcd) (Entered: 04/13/2009) |
| 04/29/2009 | 18 | MOTION for Default Judgment as to City of Kankakee, Brenda Felton and Jan Bond by Plaintiff Brad R Johnson. Responses due by 5/18/2009 (Attachments: # 1 Appendix)(KW, ilcd) (Entered: 04/29/2009) |
| 04/29/2009 | 19 | MEMORANDUM in Support re 18 MOTION for Default Judgment as to filed by Plaintiff Brad R Johnson. (KW, ilcd) (Entered: 04/29/2009) |
| 04/30/2009 |  | TEXT ORDER Entered by Judge Harold A. Baker on 4/30/09. The plaintiff has filed a motion for entry of default as to defendants City of Kankakee, Brenda Felton and Jan Bond. A motion hearing is scheduled for June 3, 2009, at 9:45 a.m. or as soon thereafter as the court reaches the case. The hearing will be by telephone conference call. The court will initiate the call. The clerk is directed to send a copy of this order to the following defendants: City of Kankakee, c/o Mr. Chris Bohlen, 304 S. Indiana Avenue, Kankakee, IL 60901; Ms. Brenda Felton, 850 N. Hobbie, Kankakee, IL 60901; and Ms. Jan Bond, 850 N. Hobbie, Kankakee, IL 60901. Copy mailed to Chris Bohlen, Brenda Felton and Jan Bond. (KW, ilcd) (Entered: 04/30/2009) |
| 04/30/2009 | 20 | MOTION to Continue Pursuant to FRCP 56(f) by Plaintiff Brad R Johnson. Responses due by 5/18/2009 (Attachments: # 1 Exhibit 1) (VB, ilcd) (Entered: 04/30/2009) |
| 04/30/2009 | 21 | MEMORANDUM/STATEMENT in Support re 20 MOTION to Continue Pursuant to FRCP 56(f) filed by Plaintiff Brad R Johnson. (VB, ilcd) (Entered: 04/30/2009) |
| 04/30/2009 | 22 | RESPONSE IN OPPOSITION to Motion re 14 MOTION to Dismiss *Count V of Plaintiff's First Amended Complaint* filed by Plaintiff Brad R Johnson. (VB, ilcd) (Entered: 04/30/2009) |
| 04/30/2009 | 23 | MOTION for Default Judgment Pursuant to FRCP 55(b)(2), and MOTION for Declaratory Judgment by Plaintiff Brad R Johnson. Responses due by 5/18/2009 (Attachments: # 1 Exhibit 1, # 2 Exhibit A & B) (VB, ilcd) (Entered: |

| | | |
|---|---|---|
| | | 04/30/2009) |
| 04/30/2009 | 24 | NOTICE AND MOTION for Entry of Default by Plaintiff Brad R Johnson. Responses due by 5/18/2009 (VB, ilcd) (Entered: 04/30/2009) |
| 04/30/2009 | 25 | MEMORANDUM/STATEMENT in Support re 24 NOTICE AND MOTION for Entry of Default filed by Plaintiff Brad R Johnson. (VB, ilcd) (Entered: 04/30/2009) |
| 05/05/2009 | | TEXT ORDER Entered by Judge Harold A. Baker on 5/5/09. The plaintiff has filed a motion for entry of default as to defendants City of Kankakee, Brenda Felton and Jan Bond. A motion hearing is scheduled for June 3, 2009, at 9:45 a.m. or as soon thereafter as the court reaches the case. The hearing will be by telephone conference call. The court will initiate the call. The clerk is directed to mail a copy of this order to the following defendants: City of Kankakee, c/o Mr. Chris Bohlen, 304 S. Indiana Avenue, Kankakee, IL 60901; Ms. Brenda Felton, 850 N. Hobbie, Kankakee, IL 60901; and Ms. Jan Bond, 850 N. Hobbie, Kankakee, IL 60901. Copy mailed to Chris Bohlen, Brenda Felton and Jan Bond. (KW, ilcd) Also, a copy was mailed to pro se plaintiff Johnson. Modified on 5/5/2009 (KW, ilcd). (Entered: 05/05/2009) |
| 05/05/2009 | 26 | RESPONSE to Motion re 20 MOTION to Continue *Response in Opposition to Plaintiff's Motion for Continuance* filed by Defendant Aqua Illinois Inc. (Spesia, Christian) (Entered: 05/05/2009) |
| 05/05/2009 | 27 | CERTIFICATE OF SERVICE by Aqua Illinois Inc re 26 Response to Motion (Spesia, Christian) (Entered: 05/05/2009) |
| 05/06/2009 | 28 | ORDER entered by Judge Harold A. Baker on 5/6/09. The motion to dismiss 14 is granted. Aqua Illinois, Inc., is dismissed from this action. The motion for continuance 20 is denied. See written Order. Copy of Order mailed to pro se plaintiff by Clerk. (VB, ilcd) (Entered: 05/06/2009) |
| 05/07/2009 | 29 | NOTICE of Appearance of Attorney by Jennifer E Simms on behalf of Jan Bond, City of Kankakee State of Illinois, Brenda Felton (Simms, Jennifer) (Entered: 05/07/2009) |
| 05/07/2009 | 30 | NOTICE of Appearance of Attorney by Bradford S Purcell on behalf of Jan Bond, City of Kankakee State of Illinois, Brenda Felton (Purcell, Bradford) (Entered: 05/07/2009) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/14/2009 16:43:09 | | |
| PACER Login: pw0253 | Client Code: | 3854 mjm |
| Description: | Docket Report | Search Criteria: | 2:08-cv-02192-HAB |
| Billable Pages: 4 | Cost: | 0.32 |

E-FILED
Tuesday, 27 January, 2009  03:49:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRAD R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 08-2192 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF KANKAKEE, STATE OF | ) | |
| ILLINOIS; BRENDA FELTON; | ) | |
| A. ABLE; and B. BAKER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff, Brad R. Johnson, commenced this action on August 11, 2008. Pursuant to Federal Rule of Civil Procedure 4(m), plaintiffs must effect service of process within 120 days after commencing their lawsuit. The court must extend the time if the plaintiff shows good cause for his failure to meet the 120-day deadline. Fed. R. Civ. P. 4(m).

The docket reflects that Johnson submitted summons forms to the clerk of the court for defendants City of Kankakee and Brenda Felton. On November 24, 2008, the clerk of the court issued summonses for those defendants and mailed them to Johnson.  Johnson has not submitted summons forms for the other two defendants, nor is there any indication of record that they received a timely notice of the lawsuit and a request for waiver of service.

On January 12, 2009, the court ordered Johnson to file proof of service of process or a signed waiver of service of process as to all defendants, or his complaint would be subject to dismissal. He was ordered to file the necessary documents on or before January 26, 2009.

On January 23, 2009, Johnson filed a response stating that he was told by the clerk of the court that he would have 120 days from the date of the summons in which to serve those defendants. The docket reflects that Johnson submitted timely summons forms with his complaint; however, due to oversight, the clerk did not issue the summonses until approximately 100 days had passed.

The court finds that Johnson has shown good cause for his failure to serve defendants City of Kankakee and Brenda Felton within 120 days. He shall effect service of process on those defendants within 120 days after November 24, 2008, and shall file proof of service of process within two weeks thereafter. No further extensions of time will be granted.

The clerk's oversight does not affect service of process as to defendants A. Able and B.



DEFENDANT'S
EXHIBIT
B

Baker. The deadline to serve those defendants has passed. Therefore, they are dismissed as defendants in this case.

## CONCLUSION

For the foregoing reasons, the court extends until March 24, 2009, the time within which Johnson shall effect service of process on the defendants, City of Kankakee and Brenda Felton. He shall file, on or before April 7, 2009, proof of service of process as to those defendants. Failure to do so will result in dismissal of this case in its entirety.

Entered this 27th day of January, 2009.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT COURT

2

E-FILED
Friday, 20 March, 2009 09:50:34 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### DANVILLE/URBANA DIVISION

FILED

MAR 20 2009

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT COURT
URBANA, ILLINOIS

| | | |
|---|---|---|
| BRAD R. JOHNSON, | } | |
| | } | |
| **Plaintiff** | } | |
| | } | No. 2:08-cv-02192-HAB |
| v. | } | |
| | } | |
| CITY OF KANKAKEE, | } | |
| STATE OF ILLINOIS | } | |
| | } | |
| BRENDA FELTON, | } | |
| | } | **First Amended Complaint under** |
| JAN BOND, | } | **42 U.S.C. § 1983** |
| | } | |
| AQUA ILLINOIS, INC., | } | **Jury Trial Demanded** |
| | } | |
| **Defendants** | } | |
| | } | |

### FIRST AMENDED COMPLAINT AND
### DEMAND FOR JURY TRIAL

PLAINTIFF, Brad R. Johnson, for its complaint against Defendant City of

Kankakee, State of Illinois (hereinafter referred to as **KANKAKEE**); Defendant Ms.

Brenda Felton (hereinafter referred to as **FELTON**); Defendant Ms. Jan Bond

(hereinafter referred to as **BOND**); and Defendant Aqua Illinois, Inc. (hereinafter referred

to as **AQUA**); alleges on knowledge with respect to himself and his own conduct, and

upon the basis of information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1. This action *arises* out of **schemes and artifices** executed by the individual

   Defendants under color of state law (City of Kankakee Code) and pursuant to the

   policies and practices of **KANKAKEE** to unlawfully deprive Plaintiff of his civil

   liberties.

1



DEFENDANT'S
EXHIBIT
C

a. **Count One** is a claim for equitable relief under the Federal Declaratory Judgment Act, particularly pursuant to Title 28 of the United States Code, Sections 2201 and 2202, brought by Plaintiff against (i) **FELTON** and **BOND** (hereinafter collectively referred to as the **Individual City Defendants**) and (ii) entity Defendant **KANKAKEE** to declare Chapter 8, Article II, Section 8-14 of the City of Kankakee Code unconstitutional (i) on its face (as being unconstitutionally overbroad) and (ii) as applied to Plaintiff AND ACCORDINGLY null and void and of no effect and, as to further relief, to enjoin **Individual City Defendants** and Defendant **KANKAKEE** (preliminarily and permanently) from executing unconstitutional practices and procedures enforcing Chapter 8, Article II, Section 8-14.

b. **Counts Two thru Four** of this Complaint are civil rights claims for money damages under the United States Constitution, particularly pursuant to the provisions of the First and Fourteenth Amendments to the Constitution of the United States, and under federal statutory law, particularly pursuant to Title 42 of the United States Code, Section 1983, brought by Plaintiff against (i) **Individual City Defendants** for money damages (actual and punitive) and (ii) entity Defendant **KANKAKEE** for actual damages, where Plaintiff alleges that Chapter 8, Article II, Section 8-14 of the City of Kankakee Code is unconstitutional (i) on its face (as being unconstitutionally overbroad) and (ii) as applied to Plaintiff and where the official policy and established practices and procedures of entity Defendant **KANKAKEE,** enforcing Chapter 8, Article II, Section 8-14, violate (abridge):

2

(1) the Fourteenth Amendment of the U.S. Constitution **[Count Two]** and more specifically, (a) the Equal Protection Clause, (b) the Due Process Clause relative to Plaintiff's fundamental right to privacy and to not be deprived of his property without due process of law; and (c) the Privileges or Immunities Clause relative to Plaintiff's fundamental right to interstate travel;

(2) the First Amendment as applied through the Fourteenth Amendment of the U.S. Constitution **[Count Three]** and more specifically, the fundamental liberty interests of (a) Plaintiff's personal right to associate intimately, (b) Plaintiff's personal right to be free from state intervention in his residence (Freedom to Enter Into and Carry on Certain Intimate Private Relationships) and (c) Plaintiff's personal Right to Keep the Family Together.

(3) the Dormant Commerce Clause of the U.S. Constitution **[Count Four]**.

c. Count **Five** of this Complaint is an action at law for *Breach of Contract Accompanied by Fraudulent Acts* against Defendant **AQUA,** wherein Plaintiff seeks general, special, and punitive damages for breach of contract accompanied by fraudulent acts.

## PARTIES

2. **Plaintiff , Brad R. Johnson, Ph.D., J.D.** (hereinafter referred to as Plaintiff) from July, 1997 until January 7, 2005, was domiciled in and a resident of the State of Illinois and, more specifically, resided at 935 South Wildwood Avenue; Kankakee, Illinois 60901. Until September 1, 2006, Plaintiff was at all times relevant to the allegations of this Complaint in the business of rendering services as a C.P.A. with his principal place of business at 935 South Wildwood Avenue; Kankakee, Illinois

60901. Professionally, Plaintiff has taught accounting at the University level for over

26 years. Specifically, until about September 1, 2002, Plaintiff was in the business of

rendering services as an employee as a University Professor of Accounting at

Governors State University, University Park, Illinois. Thereafter, for academic year

2002-03 (i.e., after September 1, 2002 and until May 15, 2003), Plaintiff was in the

business of rendering services as an employee as an Associate Professor of

Accounting at Kutztown University with his principal place of business at 219

deFrancesco Building, Kutztown University 19530. And finally, Plaintiff was at all

times relevant to the allegations of this Complaint, for academic year 2003-04 (and

beyond), in the business of rendering services as an employee as an Associate

Professor of Accounting at Francis Marion University (FMU) with his principal place

of business at 260 Founders Hall in the School of Business at Francis Marion

University, Box 100547, Florence, SC 29502-0547, telephone number (843) 661-

1427. While Plaintiff was employed at FMU, Plaintiff resided at the Long Beach

Campground, 5011 Oak Island Drive, Oak Island, NC 28465 from June 2003 through

September 2004 and at 417 Keziah Street, Oak Island, NC 28465 from September

2004 through January 7, 2005. From January 7, 2005 until April 22, 2007, Plaintiff

was domiciled in and a resident of the State of South Carolina and, more specifically,

resided at 8669 Laurel Woods Drive; Myrtle Beach, SC 29588. From April 23, 2007

until the present, Plaintiff is (and was) domiciled in and a resident of the State of

North Carolina and, more specifically, resides at 417 Keziah Street, Oak Island, NC

28465.

4

3. Defendant **KANKAKEE**, acting through its agents, including employees of the Department of Code Enforcement located at 850 North Hobbie in Kankakee, IL 60901, is (and was) at all times mentioned herein, a governmental subdivision of the State of Illinois, with its principal place of business at 304 S. Indiana Avenue in Kankakee, IL 60901, where **KANKAKEE** has appointed the following person as its authorized agent to accept service of process: Mr. Chris Bohlen, 304 S. Indiana Avenue in Kankakee, IL 60901, tel. (815) 936-3618.

4. Defendant **FELTON** is being sued in her individual, personal capacity and not in her official capacity as an employee/agent of **KANKAKEE**. However, **FELTON** is (and was) at all times mentioned herein, a Code Enforcement Officer in the Department of Code Enforcement for the City of Kankakee, with her principal place of business at 850 North Hobbie in Kankakee, IL 60901, tel. (815) 936-7390.

5. Defendant **BOND** is being sued in her individual, personal capacity and not in her official capacity as an employee/agent of **KANKAKEE**. However, **BOND** was at all times mentioned herein, the supervisor of the Code Enforcement Officer **FELTON** in the Department of Code Enforcement of the City of Kankakee, with her principal place of business at 850 North Hobbie in Kankakee, IL 60901, tel. (815) 936-7390.

6. Defendant **AQUA** is a corporation doing business in Illinois, whose principal place of business is 762 W. Lancaster Avenue in Bryn Mawr, PA 19010-3489, tel. (877) 987-2782. The registered agent of Defendant **AQUA** in Illinois is Illinois Corporation Service Company; 801 Adlai Stevenson Drive in Springfield, Illinois 62703.

5

## FACTUAL BASIS FOR CLAIMS

7.  From May 2000 until the present, and at all times relevant to the allegations of this
    Complaint, Plaintiff's spouse, Elci Wijayaningsih, is (and was) domiciled at 935
    South Wildwood Avenue; Kankakee, Illinois 60901 (hereinafter referred to as "the
    Kankakee residence"). At all times relevant to the allegations of this Complaint,
    Plaintiff's Mother-in-Law resided at 935 South Wildwood Avenue; Kankakee,
    Illinois 60901. While occupying the residence at 935 South Wildwood Avenue;
    Kankakee, Illinois 60901, Plaintiff's Mother-in-Law cooked for Plaintiff and his
    family and had other household duties.

8.  On August 11, 2006, Plaintiff received a letter dated July 20, 2006 from the City of
    Kankakee, Code Enforcement Department, Property Maintenance Division, which
    notified Plaintiff that his personal residence (which was the domicile and legal
    residence of Plaintiff's spouse, Elci Wijayaningsih, and the residence of Plaintiff's
    Mother-In-Law) located at 935 South Wildwood Avenue; Kankakee, Illinois 60901
    would be inspected and searched without a search warrant on "Mon Aug 14, 2006 at
    11:00 (Military Time)." See Exhibit I, incorporated by reference herein, a true and
    correct copy. The **Individual City Defendants** caused entity Defendant
    **KANKAKEE** to send said letter to Plaintiff at his domicile and legal residence
    located at 8669 Laurel Woods Drive; Myrtle Beach, SC 29588.

9.  On August 11, 2006, Plaintiff responded to the above-mentioned letter dated July 20,
    2006 from entity Defendant **KANKAKEE** by:

    a.  telephoning the Department of Code Enforcement for the City of Kankakee at
        (815) 936-7390 to determine the Code Enforcement Officer (Ms. Brenda Felton

supervised by Ms. Jan Bond) responsible for causing the Department of Code Enforcement to send the above-mentioned letter dated July 20, 2006 to Plaintiff;

**b.** telephoning Defendant **FELTON** and leaving her a detailed message, since she was not available; and

c. writing a letter to Defendant **FELTON** dated August 11, 2006 (see Exhibit II, incorporated by reference herein, a true and correct copy):

**(1)** confirming receipt of the letter dated July 20, 2006, from the City of Kankakee, Code Enforcement Department, Property Maintenance Division, which notified Plaintiff that his personal residence (which was the domicile and legal residence of Plaintiff's spouse, Elci Wijayaningsih, and the residence of Plaintiff's Mother-In-Law) located at 935 South Wildwood Avenue; Kankakee, Illinois 60901 would be searched and inspected without a search warrant and

**(2)** documenting in writing Plaintiff's August 11, 2006 telephonic response (to Defendant **FELTON**) to the above-mentioned letter dated July 20, 2006 from entity Defendant **KANKAKEE**.

10. On or before July 20, 2006, each of the **Individual City Defendants** had labeled Plaintiff's personal residence as "*rental property*" or caused Plaintiff's personal residence to be labeled as "*rental property*" under Chapter 8, Article II, Section 8-14, because (i) Plaintiff was employed out-of-state (and therefore did not occupy his residence on a daily basis) and (ii) persons (Plaintiff's spouse and Mother-In-Law) other than the legal owner were occupying said residence.

7

**Chapter 8, Article II, Section 8-14** provides:

"No person, corporation or other entity shall rent, lease or allow a person other than the legal owner to occupy any dwelling unit within the City of Kankakee, unless the City of Kankakee has issued a current unrevoked operating license in the name of the legal owner of record for the specific dwelling unit."

11. Because the **Individual City Defendants** each labeled Plaintiff's personal residence

as "*rental property*," Plaintiff's personal residence became subject to Defendant

**KANKAKEE**'s Code Enforcement provisions, including **Chapter 8, Article II,**

**Section 8-14**. As such, Defendant **KANKAKEE** and the **Individual City**

**Defendants** each sent Plaintiff (or caused Plaintiff to be sent) a **notice** dated July 11,

2006 of specific Code requirements regarding "*rental property*," along with an

*Application for Rental Operating License*. [See Exhibit III, incorporated by reference

herein, a true and correct copy.] Said notice claimed that Plaintiff's residence was

rental property ("Our records indicate that you are the owner of the above referenced

rental property." Exhibit III. p.1. Said **notice** identified the following Code

requirements regarding the ownership of "*rental property*":

a. "Accordingly, this notice is to advise you that Section 112.1 of the International

Property Maintenance Code, as adopted by the City, requires that all rental

dwellings located within the corporate limits be licensed." *Id.*

b. ". . . enclosed please find an 'Application for Rental Operating License' which

**must** be submitted to us (in person or by mail) within 10-days of the date of this

**notice in order for us to contact you to make arrangements for an inspection**

**of the subject rental property.**" *Id.* (Bold added.) [Here, it is important to note

that **under policies, procedures and practices of Kankakee, agent/employees**

8

**of Kankakee have the unfettered right to search Plaintiff's home during the
period of the license.**]

c. "Failure to submit the completed application within the specified time period may
result in the denial and/or revocation of the rental license." *Id.* [Here, it is
important to note that **KANKAKEE is under no duty to issue such license and
may refuse to issue such license for any arbitrary and capricious reason.**]

d. "Also, as provided for in Section 104.2 of the Code, please be advised that it is
the policy of this Department **to require the owner (or designated
manager/agent) to be present at all scheduled rental inspections** in order to
assure entry to the premises; and, that **inspections may not be scheduled less
that 10-days (nor more than 60-days) from the date of this notice**" *Id.* (Bold
added.)

e. **If you do not submit the completed application as requested, we will begin
formal enforcement action against you.** You will not receive an additional
warning before we initiate appropriate action, which may include the issuance of
citation, imposition of fines, administrative remedies such as denial or revocation
of licenses, circuit court proceedings, and/or action for injunction or other court
order relief." *Id.* (Bold added.)

f. **"If you believe that this notice was sent to you in error, please contact this
office** in order that we may review and/or reevaluate the situation." *Id.* (Bold
added.)

12. In response to Paragraph 11(f), above, on July 19, 2006, Plaintiff responded to the
**notice** dated July 11, 2006 from Defendant **KANKAKEE** and each of the **Individual**

9

**City Defendants.** See Exhibit IV, incorporated by reference herein, a true and correct copy.

13. **KANKAKEE** has established official policies and procedures in administrating and enforcing Chapter 8, Article II, Section 8-14 of the City of Kankakee Code, which are carried out by each of the **Individual City Defendants,** to preserve property values within **KANKAKEE**'s city limits and especially within the Riverview Historic District. Under these policies and procedures, as executed by each of the **Individual City Defendants,** Plaintiff has been singled out for discriminatory and disparate treatment by each of the **Individual City Defendants,** because Plaintiff's spouse and Mother-In-Law are non-white and in retaliation for Plaintiff's published belief that **Chapter 8, Article II, Section 8-14** is unconstitutionally broad on its face and is thereby void and of no effect. As a result, there exists a procedural disparity in the application of the "law," where the selective enforcement of such a broad ordinance has been accomplished for unlawful purposes [e.g., for a racially discriminatory purpose (i.e., *to prevent the conditions that exist north of River Street from infiltrating the Historic District*) and for a retaliatory purpose regarding the content of published speech].

14. After August 11, 2006, as a direct result of the threat of administrative enforcement of Chapter 8, Article II, Section 8-14 of the City of Kankakee Code on a daily basis against Plaintiff (i.e., "If you do not submit the completed application as requested, we will begin formal enforcement action against you."), the interstate travel to and from Kankakee, Illinois by Plaintiff and his family was chilled.

15. Plaintiff has notified Defendant **KANKAKEE** and each of the **Individual City Defendants** that having persons occupy the Kankakee residence protects said residence.

16. On February 4, 2007, with no one home, the heating system failed, causing the pipes to freeze.

17. Since February 4, 2007, Plaintiff has not been able to occupy the Kankakee residence because the repairs to the home have not been completed.

18. Since February 4, 2007, Plaintiff's family has not been able to occupy the Kankakee residence because their interstate travel has been chilled by the threat of administrative enforcement of Chapter 8, Article II, Section 8-14 of the City of Kankakee Code on a daily basis against Plaintiff by each of the **Individual City Defendants** and Defendant **KANKAKEE.**

19. Since February 4, 2007, Plaintiff has incurred over $50,000 of carrying costs in owning the Kankakee residence even though neither Plaintiff nor his family has been able to occupy the Kankakee residence. An example follows.

    a. Plaintiff and Defendant AQUA formed a contract for the provision and payment of water and sewer services (hereinafter referred to as the "Contract").

    b. In December/January, 2008 another water leak occurred in the garage of the Kankakee residence. Many days followed and the water continued to run without notice to Plaintiff. **Defendant AQUA** charged (and withdrew from Plaintiff's bank account) over $1500 for water usage, even though no person occupied the Kankakee residence. Also, Defendant **KANKAKEE** and **Defendant AQUA** began a series of monthly sewer charges (and withdrawals from Plaintiff's bank

11

account) of over $500 per month even though even though no person occupied the Kankakee residence and there was no water usage associated with the Kankakee residence.

c. Throughout 2008, extending into 2009, Plaintiff repeatedly called **Defendant AQUA** to complain of the overcharging of water and sewer. In each case, a sympathetic ear was obtained. However, even though employees of Defendant **AQUA** agreed with Plaintiff concerning the overcharging for water and sewer and the need for a refund to Plaintiff, Plaintiff was not refunded the overcharged amounts.

## COUNT ONE– DECLARATORY JUDGMENT

20. **Count One** is a claim for equitable relief under the Federal Declaratory Judgment Act for the purpose of determining a question of actual controversy between the parties, particularly pursuant to Title 28 of the United States Code, Sections 2201 and 2202, brought by Plaintiff against (i) the **Individual City Defendants** and (ii) **KANKAKEE** to declare Chapter 8, Article II, Section 8-14 of the City of Kankakee Code unconstitutional (i) on its face (unconstitutionally overbroad) and (ii) as applied to Plaintiff AND ACCORDINGLY null and void, of no effect, and, as to further necessary or proper relief based on said declaratory judgment, to enjoin the **Individual City Defendants** and **KANKAKEE** (preliminarily and permanently) from executing unconstitutional practices and procedures enforcing Chapter 8, Article II, Section 8-14 of the City of Kankakee Code.

21. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 2 through 19 as if fully set forth herein.

22. **Jurisdiction and Venue.** This Court has Federal Question Jurisdiction over this action by reason of Title 28, United States Code, Section 1331. This Court has jurisdiction to issue a declaratory judgment pursuant to Title 28 of the United States Code, Sections 2201 and 2202. Venue is proper in this Court under Title 28, United States Code, Section 1391(b).

23. The promulgation and threatened enforcement of Chapter 8, Article II, Section 8-14 of the City of Kankakee Code (hereinafter referred to as the "Law") is illegal, null and void for the following reasons.

   a. Application to Plaintiff of the "Law" denies Plaintiff of his Fourteenth Amendment guarantee of equal protection, as is more fully described below in **Count Two**.

   b. Application to Plaintiff of the "Law" deprives Plaintiff of his U.S. Constitutional guarantee of Privileges and Immunities, as is more fully described below in **Count Two**.

   c. Application to Plaintiff of the "Law" deprives Plaintiff of his Fourteenth Amendment guarantee of Substantive Due Process, as is more fully described below in **Count Two**.

   d. Application to Plaintiff of the "Law" deprives Plaintiff of his First/Fourteenth Amendment guarantee of fundamental civil rights, as is more fully described below in **Count Three**.

   e. The effect of the "Law" unconstitutionally burdens interstate commerce, thereby violating the dormant commerce clause of the U.S. Constitution, as is more fully described below in **Count Four**.

    f. **Most importantly**, the "Law" is unconstitutionally overbroad on its face and

        bears no reasonable relation to the public health, comfort, safety and welfare.

    g. Finally, the "Law" has been enforced in an arbitrary and capricious manner

        (selective enforcement), which has resulted in (and will continue to result in)

        disparate treatment of the residents of the City of Kankakee.

24. Plaintiff has exhausted its administrative remedies.

25. The promulgation and threatened enforcement of the "Law" have caused and will

    cause Plaintiff unusual hardship and irreparable injury, as identified in Paragraph 21,

    above.

26. Plaintiff has no adequate remedy at law.

27. In view of Defendants' threatened enforcement of the "Law" and Plaintiff's

    contention that the promulgation of the "Law" and its enforcement are null and void,

    there is an actual controversy within the jurisdiction of this Court. Further,

    declaratory and injunctive relief, under the circumstances in the instant case, will

    effectively adjudicate the rights of the parties.

## COUNT TWO – VIOLATION OF FOURTEENTH AMENDMENT

28. **Count Two** of this Complaint is a civil rights claim for money damages under the

    United States Constitution, particularly pursuant to the Fourteenth Amendment to the

    Constitution of the United States, and under federal law, particularly pursuant to Title

    42 of the United States Code, Section 1983, brought by Plaintiff against (i) each of

    the **Individual City Defendants** for money damages (actual and punitive) and (ii)

    entity Defendant **KANKAKEE** for actual damages, in that Chapter 8, Article II,

    Section 8-14 of the City of Kankakee Code is unconstitutional (i) on its face

14

(unconstitutionally overbroad) and (ii) as applied to Plaintiff, where official policies and established practices and procedures of **Individual City Defendants** and **KANKAKEE** enforcing Chapter 8, Article II, Section 8-14 are violative (abridge) the Fourteenth Amendment of the U.S. Constitution, and more specifically, the following clauses of the Fourteenth Amendment.

    a.  The Due Process Clause;

    b.  The Equal Protection Clause; and

    c.  The Privileges or Immunities Clause (the right to interstate travel).

29. **Jurisdiction, Venue and Standing.** This Court has Federal Question Jurisdiction by reason of Title 28, United States Code, Section 1331. Venue is proper in this Court under Title 28, United States Code, Section 1391(b). The **Individual City Defendants** have subjected Plaintiff (or caused Plaintiff to be subjected) to the deprivation of his U.S. Constitutional Guarantee of (a) substantive and procedural due process, (b) equal protection and (c) the right to interstate travel flowing from the Due Process Clause, Equal Protection Clause and the Privileges or Immunities Clause, respectively, of the Fourteenth Amendment of the U.S. Constitution. As a result, Plaintiff has standing to bring this cause of action pursuant to Title 42 of the United States Code, Section 1983.

30. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 2 through 19 as if fully set forth herein.

**Substantive and Procedural Due Process:**
**Plaintiff's U.S. Constitutional Guarantee under the Fourteenth Amendment**
**Not to be Deprived of Liberty (Fundamental Civil Rights) or Property**
**Without Due Process of Law**

31. Under the facts of the instant case, Substantive Due Process is guaranteed under the

    U.S. Constitution within the following contexts.

    a. **Individual City Defendants** must not deprive Plaintiff of his fundamental right

       to privacy.

    b. **Individual City Defendants** must not deprive Plaintiff of his fundamental right

       to set up a support system to care for his family without state intrusion or

       obstruction for the purpose of keeping them together in Kankakee, Illinois, while

       Plaintiff is away (as a result of out-of-state employment) from his personal

       residence in Kankakee.

    c. **Individual City Defendants** must not deprive Plaintiff of his property (i.e., cash

       in bank) without due process of law.

Based upon the above facts, under color of state law (the "Law"), consistent with

**KANKAKEE**'s official policies, practices and procedures, each of the **Individual**

**City Defendants** deprived Plaintiff of his property (i.e., cash in bank) and his liberty

interest in his fundament right (i) to privacy and (ii) to set up a support system to care

for his family without state intrusion or obstruction for the purpose of keeping them

together in Kankakee, Illinois, while Plaintiff is away (as a result of out-of-state

employment) from his personal residence in Kankakee, all in violation of the Due

Process Clause of the Fourteenth Amendment of the U.S. Constitution.

**Deprivation of Plaintiff's U.S. Constitutional Guarantee
of Equal Protection and the Right to Interstate Travel Flowing from the Equal
Protection and  Privileges or Immunities Clauses
of the Fourteenth Amendment of the U.S. Constitution**

32. Under the facts of the instant case, Equal Protection is guaranteed under the U.S.

   Constitution within the following contexts.

   a. **Individual City Defendants** must not discriminate against those persons who

   work out-of-state (e.g., Plaintiff), in favor of those persons who work in-state.

   b. **Individual City Defendants** must not discriminate against those persons who

   speak out against the government (e.g., Plaintiff), in favor of those persons who

   remain silent in the face of adversity.

   Based upon the above facts, under color of state law (the "Law"), consistent with

   **KANKAKEE**'s official policies, practices and procedures, each of the **Individual**

   **City Defendants** deprived Plaintiff of equal protection, in violation of the Equal

   Protection Clause of the Fourteenth Amendment of the U.S. Constitution, in that

   solely because Plaintiff worked out-of-state (or publicly spoke against the

   constitutionality of the "Law"), Plaintiff's personal residence was labeled as "*rental*

   *property*" and therefore within the scope of Defendant **KANKAKEE**'s Code

   Enforcement provisions. Moreover, each of the **Individual City Defendants**

   enforced Chapter 8, Article II, Section 8-14 of the City of Kankakee Code in an

   arbitrary and capricious manner (selective enforcement), which has resulted in (and

   will continue to result in) disparate treatment across the residents of the City of

   Kankakee.

33. Under the facts of the instant case, Privileges or Immunities is guaranteed under the

   U.S. Constitution within the following contexts.

a. **Individual City Defendants** must not impede Plaintiff's right to interstate travel. Based upon the above facts, under color of state law (the "Law"), consistent with **KANKAKEE**'s official policies, practices and procedures, each of the **Individual City Defendants** chilled Plaintiff's right to interstate travel, in violation of the Privileges or Immunities Clause of the Fourteenth Amendment of the U.S. Constitution.

34. **Fourteenth Amendment State Action.** The acts alleged herein to have been done by the **Individual City Defendants** were done (a) with the *power* granted by **KANKAKEE** and (b) under the badge of or clothed in their *authority* as officers/employees/agents for **KANKAKEE** and therefore constitute actions of the State within the meaning of the Fourteenth Amendment to the Constitution of the United States.

35. **Color of State Law, Statute, Ordinance, Regulation, Custom or Usage.** The acts alleged herein to have been done by the **Individual City Defendants** were done by them under color of state law, statute, ordinance, regulation, custom or usage.

36. **Actual Controversy.** There exists an actual controversy between the parties, as set forth in Paragraph 27.

37. **Intent.** The actions of each of the **Individual City Defendants**, as herein described, were intentional and willful (or grossly negligent and reckless), with the intent (or effect) of depriving Plaintiff of the privileges and immunities secured to him by the Constitution of the United States, particularly the right of Plaintiff not to be deprived of (i) substantive due process, (ii) equal protection and (iii) the right to interstate travel, where such deprivation is secured by the Due Process Clause, Equal Protection

18

Clause and the Privileges or Immunities Clause, respectively, of the Fourteenth

Amendment to the Constitution of the United States.

38. **Causation.** The actions of the **Individual City Defendants** were the actual and

proximate cause of Plaintiff's deprivation of (i) substantive and procedural due

process, (ii) equal protection and (iii) the right to interstate travel, where such

deprivations were (and are) secured by the Due Process Clause, Equal Protection

Clause and the Privileges or Immunities Clause, respectively, of the Fourteenth

Amendment to the Constitution of the United States.

### Defendants' Continued Conduct and Chilling Effect

39. Plaintiff is suffering (and will continue to suffer in the future) irreparable injury

because of the actions of the **Individual City Defendants**. Such irreparable injury is

sourced out of Plaintiff's continued deprivation of (i) substantive and procedural due

process, (ii) equal protection and (iii) Plaintiff's right to interstate travel (including

the chilling effect on Plaintiff's interstate travel).

40. The actions of the **Individual City Defendants** to deprive Plaintiff of (i) substantive

and procedural due process, (ii) equal protection and (iii) the right to interstate travel

will continue, where a substantial loss or impairment of Plaintiff's right not to be

deprived of (i) substantive due process, (ii) equal protection and (iii) the right to

interstate travel will continue to occur so long as the actions of the **Individual City**

**Defendants** continue.

41. The threat of a deprivation of Plaintiff's (i) substantive and procedural due process,

(ii) equal protection and (iii) the right to interstate travel continues, where Plaintiff is

in constant fear of receiving another ticket alleging a violation of the "Law," thereby

further depriving Plaintiff of his right not to be deprived of (i) substantive and
procedural due process, (ii) equal protection and (iii) the right to interstate travel. As a
result, Plaintiff's personal liberties have been (and are) chilled by the actions of the
**Individual City Defendants**.

42. **No Plain, Adequate, and Complete Remedy.** Plaintiff has no plain, adequate, and
complete remedy to speedily redress the wrongs complained of other than this action,
where any other remedy to which Plaintiff could be remitted would be (a) attended by
such uncertainties and delays as to deny Plaintiff substantial relief, involve a
multitude of suits, and cause Plaintiff further irreparable injury, damage and
inconvenience and (b) inadequate to protect Plaintiff, and those persons who are
similarly situated, from the continuing actions of the **Individual City Defendants**
and the chilling effect that such actions have on the U.S. Constitution Guarantees of
Plaintiff and similarly situated persons.

43. **Injuries Proximately Caused.** As a direct and proximate result of the actions of the
**Individual Defendants**, as herein described, Plaintiff has suffered injuries flowing
from the deprivation of Plaintiff's right not to be deprived of (i) substantive and
procedural due process, (ii) equal protection and (iii) the right to interstate travel in an
amount equal to $200,000 of general damages and 300,000 of special damages.

44. **Punitive Damages.** The **Individual City Defendants'** conduct, policies and practices
and their effects, as described herein, demonstrate a specific intent to violate a
knowable right of Plaintiff, where the violation of such right is so clear at the time of
deprivation that reasonably competent people would have agreed that given the
**Individual City Defendants'** conduct, policies and practices and their resulting

effects, a violation of Plaintiff's constitutional rights would have occurred. Further, the acts of the **Individual City Defendants**, as enumerated herein, were committed with either (a) malice or (b) reckless indifference, thereby constituting willful or wanton conduct and accordingly justify the awarding of exemplary and punitive damages in the amount of **$1,500,000** to deter similar or repetitious acts by said Defendants.

### COUNT THREE – VIOLATION OF THE FIRST AMENDMENT AS APPLIED THROUGH THE FOURTEENTH AMENDMENT

45. **Count Three** of this Complaint is a civil rights claim for money damages under the United States Constitution, particularly pursuant to the First Amendment as applied through the Fourteenth Amendment to the Constitution of the United States, and under federal law, particularly pursuant to Title 42 of the United States Code, Section 1983, brought by Plaintiff against (i) each of the **Individual City Defendants** for money damages (actual and punitive) and (ii) entity Defendant **KANKAKEE** for actual damages, in that Chapter 8, Article II, Section 8-14 of the City of Kankakee Code is unconstitutional (i) on its face (unconstitutionally overbroad) and (ii) as applied to Plaintiff, where official policies and established practices and procedures of **Individual City Defendants** and **KANKAKEE** enforcing Chapter 8, Article II, Section 8-14 of the City of Kankakee Code violate (abridge) the First Amendment as applied through the Fourteenth Amendment of the U.S. Constitution, and more specifically, violate (abridge) the following liberty interests of Plaintiff sourced in the First Amendment (hereinafter collectively called **"Plaintiff's PERSONAL RIGHTS"**)

21

    a.  Plaintiff's personal right to intimately associate within the confines of his family's domicile and legal residence,

    b.  Plaintiff's personal right to be free from state intervention within the confines of his family's domicile and legal residence (Freedom to Enter Into and Carry on Certain Intimate Private Relationships) and

    c.  Plaintiff's personal Right to Keep his Family Together.

46. **Jurisdiction, Venue and Standing.** This Court has Federal Question Jurisdiction by reason of Title 28, United States Code, Section 1331. Venue is proper in this Court under Title 28, United States Code, Section 1391(b). **KANKAKEE** and the **Individual City Defendants** have subjected Plaintiff (or caused Plaintiff to be subjected) to the deprivation of his U.S. Constitutional Guarantee of **Plaintiff's PERSONAL RIGHTS,** all flowing from the First Amendment as applied through the Fourteenth Amendment of the U.S. Constitution. As a result, Plaintiff has standing to bring this cause of action pursuant to Title 42 of the United States Code, Section 1983.

47. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 2 through 19 as if fully set forth herein.

**Deprivation of Plaintiff's U.S. Constitutional Guarantee of Plaintiff's Personal Rights to (a) Intimately Associate, (b) Be Free From State Intervention in His Family's Domicile, and (c) Keep his Family Together, Flowing from the First Amendment as Applied Through the Fourteenth Amendment of the U.S. Constitution**

48. Under the facts of the instant case, fundamental personal freedoms are guaranteed by the First Amendment (as applied through the Fourteenth Amendment) of the U.S. Constitution within the following contexts.

22

a. **Individual City Defendants** must not deprive Plaintiff of his fundamental personal right to intimately associate with members of his family within the confines of his family's domicile and legal residence. Based upon the above facts, under color of state law (the "Law"), consistent with **KANKAKEE**'s official policies, practices and procedures, each of the **Individual City Defendants** deprived Plaintiff of his fundamental personal right to intimately associate with members of his family, within the confines of his family's domicile and legal residence, in violation of the First Amendment (as applied through the Fourteenth Amendment) of the U.S. Constitution.

b. **Individual City Defendants** must not deprive Plaintiff of his fundamental personal right to be free from state intervention within the confines of his family's domicile. Based upon the above facts, under color of state law (the "Law"), consistent with **KANKAKEE**'s official policies, practices and procedures, each of the **Individual City Defendants** deprived Plaintiff of his fundamental personal right to be free from state intervention within the confines of his family's domicile and legal residence, in violation of the First Amendment (as applied through the Fourteenth Amendment) of the U.S. Constitution.

c. **Individual City Defendants** must not deprive Plaintiff of his fundamental personal right to keep his family together within the confines of his family's domicile. Based upon the above facts, under color of state law (the "Law"), consistent with **KANKAKEE**'s official policies, practices and procedures, each of the **Individual City Defendants** deprived Plaintiff of his fundamental personal right to keep his family together within the confines of his family's domicile, in

23

violation of the First Amendment (as applied through the Fourteenth Amendment) of the U.S. Constitution.

49. **Fourteenth Amendment State Action.** Plaintiff repeats and re-alleges each of the allegations contained in paragraph 34 as if fully set forth herein.

50. **Color of State Law, Statute, Ordinance, Regulation, Custom or Usage.** Plaintiff repeats and re-alleges each of the allegations contained in paragraph 35 as if fully set forth herein.

51. **Actual Controversy.** There exists an actual controversy between the parties, as set forth in Paragraph 27.

52. **Intent.** The actions of each of the **Individual City Defendants**, as herein described, were intentional and willful (or grossly negligent and reckless), with the intent (or effect) of depriving Plaintiff of the privileges and immunities secured to him by the Constitution of the United States, particularly the right of Plaintiff not to be deprived of **Plaintiff's PERSONAL RIGHTS**, all flowing from the First Amendment (as applied through the Fourteenth Amendment) of the U.S. Constitution.

53. **Causation.** The actions of the **Individual City Defendants** were the actual and proximate cause of Plaintiff's deprivation of **Plaintiff's PERSONAL RIGHTS**, all flowing from the First Amendment (as applied through the Fourteenth Amendment) of the U.S. Constitution.

54. **Defendants' Continued Conduct and Chilling Effect.** Plaintiff is suffering (and will continue to suffer in the future) irreparable injury because of the actions of the **Individual City Defendants**. Such irreparable injury is sourced out of Plaintiff's continued deprivation of **Plaintiff's PERSONAL RIGHTS**.

24

55. The actions of **Individual City Defendants** to deprive Plaintiff of **Plaintiff's PERSONAL RIGHTS** will continue, where a substantial loss or impairment of Plaintiff's right not to be deprived of **Plaintiff's PERSONAL RIGHTS** has occurred and will continue to occur so long as the actions of the **Individual City Defendants** continue.

56. The threat of a deprivation of **Plaintiff's PERSONAL RIGHTS** continues, where Plaintiff is in constant fear of receiving another ticket alleging a violation of the "Law," thereby further depriving Plaintiff of **Plaintiff's PERSONAL RIGHTS**. As a result, Plaintiff's personal liberties have been (and are) chilled by the actions of the **Individual City Defendants**.

57. **No Plain, Adequate, and Complete Remedy.** Plaintiff repeats and re-alleges each of the allegations contained in paragraph 42 as if fully set forth herein.

58. **Injuries Proximately Caused.** As a direct and proximate result of the actions of the **Individual Defendants**, as herein described, Plaintiff has suffered injuries flowing from the deprivation of **Plaintiff's PERSONAL RIGHTS** in an amount equal to $200,000 of general damages and 300,000 of special damages.

59. **Punitive Damages.** Plaintiff repeats and re-alleges each of the allegations contained in paragraph 44 as if fully set forth herein.

### COUNT FOUR
### VIOLATION OF THE DORMANT COMMERCE CLAUSE

60. **Count Four** of this Complaint is an action for declaratory and injunctive (preliminary and permanent) relief under the United States Constitution, particularly pursuant to the Dormant Commerce Clause [Article I, Section 8] of the Constitution of the United States, and under federal law, particularly pursuant to Title 28 of the United

States Code, Sections 2201 and 2202, brought by Plaintiff against the **Individual City Defendants** to enjoin said Defendants (preliminarily and permanently) from executing unconstitutional practices and procedures enforcing Chapter 8, Article II, Section 8-14 of the City of Kankakee Code, in that Chapter 8, Article II, Section 8-14 of the City of Kankakee Code is unconstitutional (i) on its face (unconstitutionally overbroad) and (ii) as applied to Plaintiff, where established practices and procedures of the **Individual City Defendants** enforcing Chapter 8, Article II, Section 8-14 of the City of Kankakee Code thwart the operation of the common market of the United States and exceed the permissible limits of the dormant commerce clause.

61. **Jurisdiction, Venue and Standing.** This Court has Federal Question Jurisdiction by reason of Title 28, United States Code, Sections 2201 and 2202. Also, this Court has Federal Question Jurisdiction by reason of Title 28, United States Code, Section 1331. Venue is proper in this Court under Title 28, United States Code, Section 1391(b). The **Individual City Defendants** have enforced Chapter 8, Article II, Section 8-14 of the City of Kankakee Code, thereby causing the following effects, while Plaintiff travels out-of-state for an extended period of time for the purpose of exporting his services out-of-state.

    a. Application to Plaintiff of the "Law" denies Plaintiff of his Fourteenth Amendment guarantee of equal protection, as is more fully described below in **Count Two.**

    b. Application to Plaintiff of the "Law" deprives Plaintiff of his U.S. Constitutional guarantee of Privileges and Immunities, as is more fully described below in **Count Two.**

26

c.  Application to Plaintiff of the "Law" deprives Plaintiff of his Fourteenth
Amendment guarantee of Substantive and Procedural Due Process, as is more
fully described below in **Count Two**.

d.  Application to Plaintiff of the "Law" deprives Plaintiff of his First/Fourteenth
Amendment guarantee of fundamental civil rights, as is more fully described
below in **Count Three**.

e.  **Most importantly**, the "Law" is unconstitutionally overbroad and bears no
reasonable relation to the public health, comfort, safety and welfare.

f.  Finally, the "Law" has been enforced in an arbitrary and capricious manner
(selective enforcement), which has resulted in (and will continue to result in)
disparate treatment of the residents of the City of Kankakee.

As a result, Plaintiff **JOHNSON** has standing to bring this cause of action.

62. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 2
through 19 as if fully set forth herein.

63. Under the facts of the instant case, the Dormant Commerce Clause precludes the
**Individual City Defendants**, in purpose or affect, from creating a trade barrier or
imposing a discriminatory burden on interstate commerce. In particular, the
**Individual City Defendants** may not burden the importation or exportations of
persons or services without a compelling need.

64. Based upon the facts in the instant case, Chapter 8, Article II, Section 8-14 of the City
of Kankakee Code operates in a discriminatory manner, in that this law differentially
burdens those persons who export their services out-of-state (e.g., Plaintiff) in favor
of those persons who work in-state, thereby burdening the importation and

exportation of both persons and trade (i.e., the services of those persons).
Accordingly, without a compelling need, Chapter 8, Article II, Section 8-14 of the
City of Kankakee Code represents an unconstitutional obstruction of interstate
commerce to the extent that such section applies to those persons who export their
services out-of-state, e.g., Plaintiff. In addition, said law differentially burdens those
persons who are not titled to residential property within **KANKAKEE**, in that such
persons cannot as easily find a Kankakee residence within which to reside. In this
manner, Defendant **KANKAKEE** burdens the importation of persons within
**KANKAKEE**.

## COUNT FIVE
## BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACTS

65. Count Five of this Complaint is an action at law for *Breach of Contract Accompanied by Fraudulent Acts* against Defendant **AQUA,** wherein Plaintiff in an action at law seeks general damages, special damages, and punitive damages for breach of the "Contract" accompanied by fraudulent acts, all as more fully set forth below.

66. **Jurisdiction and Venue.** Supplemental Jurisdiction (formerly pendent or ancillary jurisdiction) of this Court is proper under 28 U.S.C. Section 1367, since this Court has supplemental jurisdiction over all other claims associated with the action for which original jurisdiction is satisfied, to the extent that such claims arise from the same common nucleus of operative facts and form part of the same case or controversy as that term is interpreted under Article III of the United States Constitution.

67. Plaintiff repeats and re-alleges each of the allegations contained in paragraphs 2
    through 19 as if fully set forth herein.

68. To state a claim for breach of contract accompanied by a fraudulent act, Plaintiff must
    plead facts establishing three elements: (1) a breach of contract; (2) fraudulent intent
    relating to the breaching of the contract and not merely to its making; and (3)
    a fraudulent act accompanying the breach.

69. Based upon the facts referenced above, Defendant **AQUA** has breached the
    "Contract" by overcharging Plaintiff for water and sewer services.

    a. Specifically, Defendant **AQUA** has breached the "Contract" by (a) dishonestly
       establishing an unreasonable charge for water and sewer services and (b)
       dishonestly refusing to refund excessive amounts charged for water and sewer
       services. Also, Defendant **AQUA** has breached its implied covenant of good faith
       and fair dealing.

    b. Moreover, Defendant **AQUA's** breach of the "Contract" was accompanied by
       fraudulent acts (as shown in paragraph 19), the acts of which were (1)
       characterized by dishonesty in fact and unfair dealing and (2) committed in
       temporal proximity to Defendant **AQUA's** breach of the "Contract," where said
       breach began when Defendant **AQUA's** employee/agents/affiliates dishonestly
       established excessive amounts to be charged Plaintiff for water and sewer services.

## PLAINTIFF 'S REMEDY
## GENERAL, SPECIAL AND PUNITIVE DAMAGES

70. **General and Special Damages**. Plaintiff has incurred general and special damages in
    the amount of $3,000, which naturally and proximately flow from the Defendant

29

AQUA's breach of the "Contract" noted above and were reasonably within the parties' contemplation at the time of the formation of the "Contract."

71. **Punitive Damages.** The dishonest refusal (accompanied by fraudulent acts) of Defendant **AQUA's** employee/agents/affiliates to refund the overcharged amounts required under the "Contract" were committed with either (a) an actual and deliberate intention to cause harm to Plaintiff and the property of Plaintiff or (b) an utter indifference or conscious disregard for Plaintiff and the property of Plaintiff, thereby constituting willful or wanton conduct and accordingly justify the awarding of exemplary and punitive damages in the amount of **$100,000** to deter similar or repetitious conduct by Defendant **AQUA's** employee/agents/affiliates in the future.

**WHEREFORE,** Plaintiff prays for DAMAGES and EQUITABLE RELIEF as follows:

EQUITABLE RELIEF

With respect to **Counts One, Two, Three and Four:**

--      A declaratory judgment that Chapter 8, Article II, Section 8-14 of the City of Kankakee Code is unconstitutional (i) on its face (unconstitutionally overbroad) and (ii) as applied to Plaintiff.

--      A preliminary and permanent injunction enjoining the **Individual City Defendants** from executing established practices and procedures enforcing Chapter 8, Article II, Section 8-14 of the City of Kankakee Code.

30

OTHER RELIEF - DAMAGES

With respect to each of **Counts Two and Three**, judgment, jointly and severally, against

the **Individual City Defendants** as follows:

--      General damages in an amount equal to $200,000 and special damages in an

amount equal to $300,000.

--      Exemplary or punitive damages in the amount of $1,500,000 to deter similar or

repetitious actions by said Defendants.

With respect to **Count Five**, judgment against Defendant **AQUA**, as follows.

--      General and special damages in the amount of $3,000.

--      Exemplary and punitive damages in the amount of $100,000.

With respect to **all Counts**, judgment against the **Individual City Defendants** jointly and

severally, as follows:

--      for reasonable attorney's fees,

--      for costs of suit herein incurred,

--      for pre- and post-judgment interest, and

--      for such other and further relief as the Court deems equitable in the

circumstances.

Dated: March 20, 2009

**BRAD R. JOHNSON, Plaintiff**
**Pro Se**

Brad R. Johnson, Ph.D., J.D.
School of Business
Francis Marion University
Box 100547
Florence, SC  29501-0547
(843) 661-1427

31

E-FILED
Tuesday, 07 April, 2009 11:41:16 AM
Clerk, U.S. District Court, ILCD

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____CENTRAL_____  District of  _____ILLINOIS_____

BRAD R. JOHNSON

V.

CITY OF KANKAKEE, STATE OF ILLINOIS;
BRENDA FELTON;
A. ABLE; B. BAKER

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:  $O8-2192$

FILED

APR - 7 2009

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TO: (Name and address of Defendant)

City of Kankakee, State of Illinois
c/o City Attorney
385 East Oak Street
Kankakee, IL 60901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Dr. Brad R. Johnson
School of Business
Francis Marion University
Box 100547
Florence, SC 29501

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

s/Pamela E. Robinson
CLERK

DATE    11/24/08

s/V. Ball
(By) DEPUTY CLERK


DEFENDANT'S
EXHIBIT
D

AO 440 (Rev. 8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 3-20-09 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| JOHN E. TINSLEY | PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   3-20-09
　　　　　　　　　Date

　　　　　　　Signature of Server

265 STEBBINS CT. Suite 1
　　Address of Server
　　　　BRADLEY, Il. 60915

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

3854 MJM

COPY

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## DANVILLE/URBANA DIVISION

| | |
|---|---|
| BRAD R. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 08 CV 2192 |
| | ) |
| CITY OF KANKAKEE, | ) |
| STATE OF ILLINOIS, BRENDA FELTON, | ) |
| JAN BOND and AQUA ILLINOIS, INC., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF CHRISTOPHER W. BOHLEN

Christopher W. Bohlen, being first duly sworn upon his oath, respectfully states as follows:

1.      I was, at all times relevant, and am now, Corporation Counsel for the City of Kankakee.

2.      I am not the elected Clerk of the City of Kankakee and have never held that position.

3.      I am not the elected Mayor of the City of Kankakee and have never held that position.

4.      On March 20, 2009, I was served a copy of a summons and First Amended complaint for the instant lawsuit.

5.      Shortly thereafter, Defendants Brenda Felton and Jan Bond, both of whom were employees of the City of Kankakee at all relevant times, tendered to me copies of the same First Amended Complaint along with summonses relative to each of them.



DEFENDANT'S
EXHIBIT
E

6.     I forwarded all of the documents referenced above to Anjanita Dumas, the Clerk of the City of Kankakee shortly after March 20, 2009.

7.     Shortly after April 29, 2009, I received a copy of the Plaintiff's Motion for Entry of Default via first class mail.

8.     On the same day I received the motion, I called Deuschle/Gilmore Insurance, Inc., the insurance agent for the City of Kankakee wherein I learned that the First Amended Complaint and summonses had been forwarded to Travelers Insurance, the company which insured the City of Kankakee in 2004, the year in which the Plaintiff's near identical lawsuit was previously filed.

9.     On the same day, I then called Travelers Insurance, who informed me that, despite the near identity of the two lawsuits, it would not provide a defense for the City of Kankakee and its employees with respect to the Plaintiff's most recent lawsuits, as the City was insured under a "claims made policy."

10.     Upon learning of Traveler's denial of defense, I immediately called Pat Gilmore at Deuschle/Gilmore Insurance, Inc. and instructed him to forward the materials to Midwest Claims Service, the City's insurer for the time period in which the Plaintiff filed his most recent Complaint.

11.     I was informed that Midwest Claims Service retained Purcell & Wardrope, Chtd. to represent the City of Kankakee, Brenda Felton, and Jan Bond. Jennifer Sims and Brad Purcell filed their appearances on behalf of the City of Kankakee, Brenda Felton, and Jan Bond hours after receiving the file from Midwest Claims Service on May 7, 2009.

12.     The foregoing statements are based on my personal knowledge, information and belief and I can competently testify to the same.

Further affiant sayeth not.

Christopher W. Bohlen

Subscribed to me on this
_18_ day of _May_____, 2009

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Tamara Kay Perkins
Notary Public, State of Illinois
My Commission Expires 10/24/2010