UNITED STATES OF AMERICA
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRAD R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 08-2192 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF KANKAKEE, STATE OF ILLINOIS; BRENDA FELTON; and JAN BOND, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The plaintiff, Brad R. Johnson ("Johnson") is embroiled in a longstanding dispute with defendant City of Kankakee ("the City") over the use of Johnson's real property located in Kankakee, Illinois.

Johnson has commenced this new action[1] against the City and its employees Brenda Felton ("Felton") and Jan Bond ("Bond") (collectively, the "City defendants"). At issue in Counts I through IV are certain City ordinances which Johnson claims are unconstitutional. Stated briefly, Johnson contends that the City's classification of his property as rental property – necessitating the licensing and periodic inspection pursuant to City ordinance – violates his constitutional rights and those of his wife and mother-in-law. Johnson claims that the City's enforcement action has had a chilling effect on his family's ability to travel from his out-of-state job to Kankakee and, as a result, the property was not occupied for significant periods of time. In February 2007, the heating system failed and a pipe froze inside the home. He claims that he has sustained significant costs for a home that his family cannot occupy because the necessary repairs have not been completed.

In Count I, Johnson seeks a declaration that the City ordinance is unconstitutional on its face and as applied to him, and an injunction preventing its enforcement. In Counts II through IV, Johnson seeks damages for various civil rights violations.

Several motions are pending. The City of Kankakee has filed a motion to dismiss for insufficient service of process [33]. Defendants Brenda Felton and Jan Bond have filed a motion to dismiss Counts I through IV against them [36]. And Johnson has filed a motion to strike Felton and Bond's motion to dismiss [43].

---

[1] This action is remarkably similar to a previous case, *Johnson v. City of Kankakee*, 04-2009 (C.D. Ill.). In that case, summary judgment was granted in favor of the defendants. Johnson appealed, and the Seventh Circuit affirmed. *Johnson v. City of Kankakee*, 2008 WL 186939 (7th Cir. Jan. 22, 2008).

I.

Johnson asks the court to strike Felton and Bond's motion to dismiss because (1) he never received a copy of this motion from the defendants; (2) the defendants stated that they incorporated their memorandum in support of the motion, but no memorandum accompanied the motion; (3) the defendants may not incorporate substantive material by reference.

Johnson states that he has a PACER account and, after he received notice that the motion was filed, he acquired a copy via the Internet. He sought and received an extension of time to respond to the motion, and did file a response within the extended time period. Consequently, Johnson was not prejudiced by the defendants' oversight in failing to send him a copy of the motion.

Johnson misapprehends the Federal Rules of Civil Procedure and this court's Local Rules. The Local Rules state that motions such as the defendants' "shall be accompanied by a memorandum of law[.]" CDIL-LR 7.1(B)(1). It does not state that the memorandum must be attached to the motion or docketed as part of the same docket entry. The court does not believe that Johnson merely overlooked the defendants' memorandum of law; the documents were docketed as entries 36 and 37. Despite the plaintiff's careful recitation of Fed. R. Civ. P. 7(b)(2) and 10(c), and CDIL-LR 7.1(B)(1), it appears that he has overlooked the provisions of Fed. R. Civ. P. 11(b)(1) (filing of motions for improper purpose) and (c)(3) (imposition of sanctions).

The motion to strike [43] is denied.

II.

After a mix-up in the office of the clerk of this court, the plaintiff was ordered to serve the defendants with the summons and complaint no later than March 24, 2009. The City has filed a motion to dismiss for insufficient service of process. *See* Fed. R. Civ. P. 4(j)(2). Rule 4(j)(2) specifies that a local government must be served by "delivering a copy of the summons and of the complaint to its chief executive officer; or serving a copy of each in the matter prescribed by that state's law for serving a summons or like process on such a defendant." It is undisputed that Johnson did not deliver a copy of the summons and complaint to the City's chief executive officer. The court must therefore look to Illinois law. The relevant Illinois statute states that, in the case of a city, "summons may be served by leaving a copy . . . with the mayor or city clerk[.]" 735 Ill. Comp. Stat. 5/2-211. In this case, Johnson did not serve the mayor or the city clerk; he served the City's attorney, Chris Bohlen.

Johnson argues that the City's motion must be denied because (1) the City has entered its appearance by filing its memorandum in opposition to Johnson's motion for default judgment; (2) its motion to dismiss is untimely; and (3) the City is estopped from arguing insufficiency of process because the City agreed to allow (or appointed as its designee) the city attorney to accept service of process for the City, and the city attorney falls within the definition of an "other officer" under the Illinois statute.

Johnson's arguments lack merit. As to the first argument, the City filed, in its first pleading with the court, a combined memorandum in opposition to Johnson's motion for entry of default and its own motion to dismiss. The court discourages combined pleadings/motions simply because they cause confusion among the parties and the court.[2] However, this does not negate the fact that the City asserted its defense of insufficient service of process in this combined document, its first appearance.

Johnson then argues that the City did not timely file its motion to dismiss for insufficiency of service of process. A party waives the defense of insufficiency of service of process by not asserting it in its first Rule 12 motion or first responsive pleading. *See* Fed. R. Civ. P. 12(g)-(h). Here, the City's first pleading was the combined response and motion.

The final issue is whether service on the city's attorney is allowed by statute. It is undisputed that the City's attorney is not its chief executive officer. *See* Fed. R. Civ. P. 4(j)(2)(A). And under Illinois law, when the defendant is a city, the mayor or city clerk must be served with the summons and complaint. (Johnson contends that the city attorney is an "other officer" who is authorized by Illinois statute to accept service of process, but he does not read the statute's catch-all phrase carefully: only in the case of another public, municipal, governmental or quasi-municipal corporation or body that is not a county, city, town or village may the summons and complaint be left "with the president or clerk or other officer corresponding thereto." 735 Ill. Comp. Stat. 5/2-211.) Johnson cites *Sarkissian v. Chicago Bd. Of Educ.*, 719 N.E.2d 225 (Ill. App. Ct. 1999), although that case is inapposite. In *Sarkissian*, the entity was not a county, city, town or village; it was a school board.

Johnson states that before serving his complaint, he verified that Chris Bohlen was the City's authorized agent for service of process. (Oddly, the address allegedly verified by Bohlen sometime "before November 24, 2008,"[3] is not the address that appears on the summons submitted to the clerk.) The Illinois statute does not provide for authorized agents to be designated for service of process on a municipality.

The court grants the motion to dismiss [33]. Generally, a dismissal for ineffective service of process is without prejudice and the plaintiff is given another chance to serve the defendant. "Although a dismissal without prejudice is not ordinarily a final judgment, if the statute of

---

[2] In this case, the court entered a text order the day after the combined response and motion was filed, clarifying that the motion for entry of default was fully briefed and that Johnson could file a response to the motion to dismiss. By then, the City had already refiled the same document a second time [33] by selecting a different docketing event, causing it to be docketed as a motion.

[3] The address is, however, the same address that was on the summons for the 2004 case. Bohlen was a defendant in that case. Johnson does not state how far before November 24, 2008, he verified this information.

3

limitations has run by the time of the dismissal, the courts will treat it as a final judgment." *James Wm. Moore, Moore's Federal Practice*, § 12.33[5]. In his memorandum in opposition to the individual defendants' motion to dismiss [42], Johnson states that his claims accrued on August 11, 2006.[4]  He commenced this action exactly two years later, on August 11, 2008. Waiting until the last possible moment to file his complaint, Johnson was required to effect service of process with the utmost care, within the extended time granted by the court and with no chance for a do-over. The dismissal will be treated as a final judgment.

### III.

Defendants Bond and Felton have filed a motion to dismiss the complaint. They make various arguments, only one of which warrants discussion.

Bond and Felton claim that they are entitled to qualified immunity. In *Pearson v. Callahan*, 129 S. Ct. 808 (2009), the United States Supreme Court abandoned the sequential inquiry mandated in *Saucier v. Katz*, 533 U.S. 194 (2001): *first*, whether there were facts sufficient to make out a violation of a constitutional right, and *second*, whether the unconstitutionality of the state actors' conduct was clearly established. In *Pearson*, the Court ruled that the court need not first determine whether there was a constitutional violation and may grant qualified immunity based on the second prong only: that the alleged right was not clearly established. *Pearson*, 129 S. Ct. at 812.

In this case, Johnson admits that he does not reside at the Kankakee address in question. Until September 1, 2006, he used that address as the principal place of his C.P.A. business. Since at least January 2005, Johnson has not resided or been domiciled in Illinois. First Amend. Compl. ¶ 2. However, he claims that his wife resides and is domiciled at the Kankakee address. Johnson's mother-in-law also lives there. First Amend. Compl. ¶ 7. It would be factually accurate to say that when the City sent a notice to Johnson in July 2006, he had not resided there for some time, and another person (including someone who was neither his wife nor his child) was living there.

Moreover, if City employees knew anything about Johnson, it would be that he and the City had been arguing for some time over whether his property was properly classified as rental property. As noted elsewhere in this order, in 2004 Johnson filed a lawsuit in this court, claiming that the ordinance at issue in this case is unconstitutional on its face and as applied to him, and that the city had violated a number of Johnson's civil rights. That case was still pending when, in July 2006, the City (apparently acting through Felton and/or Bond) sent notice to Johnson that he would need to fill out an application for a rental license and submit to a property inspection. First Amend. Compl. ¶ 10-12, Ex. 1-4. The City's letters to Johnson were dated July 11, 2006, and July 20, 2006. First Amend. Compl. Ex. I, III. Johnson replied by telephoning

---

[4] *See* d/e 42, pp.4, 6.

and sending letters to the City on July 19, 2006[5] and August 11, 2006, stating that the property was his residence, and his wife's residence and domicile, and that the only people occupying the residence from July 11 through August 11, 2006, were his wife, child, and mother-in-law. First Amend. Compl. Ex. II, IV. A few weeks later on August 31, 2006, this court granted summary judgment in favor of the City defendants and against Johnson. He appealed, and the Seventh Circuit affirmed on January 22, 2008.

Johnson was one month shy of losing the first case on summary judgment when the City sent out the letters forming the basis of this complaint. It had not yet been determined that the rights asserted by Johnson were clearly established. In fact, the Seventh Circuit eventually ruled that no rights were violated.

Qualified immunity is more than a defense to liability; it is an immunity from suit. *Khorrami v. Rolince*, 539 F.3d 782, 787 (7th Cir. 2008). "Qualified immunity operates to ensure that before they are subjected to suit, [state actors] are on notice that their conduct is unlawful." *Pearson*, 129 S. Ct. at 822. The court had not yet ruled on Johnson's pending case, and when it did, the ruling was against Johnson. Bond and Felton could not have had notice at the time they sent the two letters that by doing so they would violate Johnson's constitutional rights. Had they anticipated (correctly) how the court would rule, they would have known that sending the letters did not violate Johnson's constitutional rights.

Johnson cites cases supporting the right to travel and the right to privacy and family autonomy. But he must do more than cite cases showing that these rights exist; he must "point to a closely analogous case that would be instructive to a [state actor] faced with *this situation*." *Purtell v. Mason*, 527 F.3d 615, 626 n.4 (7th Cir. 2008) (emphasis added). He has not done so.

The court acknowledges that the facts are slightly different this time around. However, they are not so different that the court must undertake an entirely new analysis. Bond and Felton are entitled to qualified immunity. Their motion to dismiss [36] is granted.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to strike [43] is denied. The defendants' motions to dismiss [33, 36] are granted. This case is terminated. The parties shall bear their own costs.

Entered this 4th day of February, 2010.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT COURT

---

[5] There is no indication whether Johnson's July 19 protest call or letter reached the appropriate City employee in time to halt the City's July 20 follow-up letter.