1

```
 1                   UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF ILLINOIS
 2                          URBANA DIVISION


 3

     BRAD R. JOHNSON,            )
 4                               )      Docket No. 08-2192
             Plaintiff,          )
 5                               )
          vs.                    )      Urbana, Illinois
 6                               )      JUNE 3RD, 2009
                                 )      9:45 A.M.
 7   CITY OF KANKAKEE,           )
             Defendant.          )
 8


 9
                      TRANSCRIPT OF PROCEEDINGS
10              MOTION HEARING (TELEPHONE CONFERENCE)
             BEFORE THE HONORABLE HAROLD A. BAKER
11                 UNITED STATES DISTRICT JUDGE


12


13   A P P E A R A N C E S :


14
     For the Plaintiff:      DR. BRAD R. JOHNSON
15                           Francis Marion University
                             School of Business
16                           Box 100547
                             Florence, SC  29501

17


18
     For the Defendant:      MR. THOMAS B. UNDERWOOD
19                           PURCELL & WARDROPE, CHTD
                             10 S. LaSalle St, Suite 1200
20                           Chicago, IL   60603


21


22

23   Court Reporter:         TONI M. JUDD, CSR
                             United States Court Reporter
24                           201 South Vine Street
                             Urbana, Illinois  61802
25                           (217) 373-5835
```

```
 1                    THE CLERK:  This is case 08-2192, Brad Johnson
 2    v. City of Kankakee, State of Illinois, et al.
 3                    THE COURT:  Good morning, everyone.  This is
 4    Judge Baker.  State your appearance for the plaintiff.
 5                    MR. JOHNSON:  This is Brad Johnson, plaintiff.
 6                    THE COURT:  And appearing on behalf of
 7    Kankakee?
 8                    MR. UNDERWOOD:  Tom Underwood from Purcell &
 9    Wardrope, and Mark Mickiewicz,  Your Honor.
10                    THE CLERK:  Are you there, Judge?
11                    THE COURT:  I am here.  I'm looking at the
12    docket.
13                    THE CLERK:  Sorry.
14                    THE COURT:  That's fine.  You didn't lose me.
15    So we have all of the appearances now, right?
16                    MR. JOHNSON:  Yes, sir.  I would like to thank
17    the court for scheduling the conference.
18                    THE COURT:  It is our duty.  Anyhow, there are
19    several matters pending here.  There are motions by the
20    plaintiff for default and declaratory judgment, and it's true
21    the defendant didn't appear within the time limits, but it
22    was due to an administrative mess they had and the courts
23    don't decide cases on procedural technicalities.  They prefer
24    to decide them on the merits.
25                    So the motions for default and for default
```

1    judgment are denied.  Those are docket entries, what?  23 and
2    24, Karen?
3                MR. JOHNSON:  Clarification on the good cause
4    shown.
5                THE COURT:  Who is this?  Is this the
6    plaintiff?
7                MR. JOHNSON:  This is the plaintiff.
8                THE COURT:  The good cause shown is very
9    clear.  The mistake was because the insurance agent sent the
10   documents to the wrong company.  By the time they got to the
11   right place, the time had passed.
12               Anyhow, there is a motion for leave to file
13   instanter, which I -- they didn't -- there is no motion
14   pending on that.
15               MR. JOHNSON:  Your Honor, this is Dr. Brad
16   Johnson again.  I have not received --
17               THE COURT:  Neither have we.  There is no
18   motion in the case for leave to file instanter.
19               Defendants, what happened?  Did you make that
20   motion orally?
21               MR. UNDERWOOD:  I would like to make that
22   motion orally, Judge.  We do have a meritorious motion to
23   dismiss on behalf of the defendants.
24               THE COURT:  I'm not going to get to the
25   merits.  As I said, courts don't decide cases on procedural

```
1    technicalities.  They avoid them.  They prefer to decide
2    cases on the merits, which I certainly do, and that's my
3    reason, plaintiff,
4                 MR. JOHNSON:  Yes, sir.
5                 THE COURT:  Anyhow, the motions for default
6    and default judgment are denied.
7                 The motion to dismiss is not yet fully
8    briefed.
9                 How much time do you need for that, plaintiff?
10                MR. JOHNSON:  To the 15th, Your Honor.  My
11   apologies --
12                THE COURT:  Of this month?
13                MR. JOHNSON:  Yes, sir.
14                THE COURT:  Okay.  Show on motion of the
15   plaintiff for leave to -- for extension of time to June 15th
16   to reply to the motion -- to respond to the motion to dismiss
17   is granted; and when I see the thing fully briefed, I see the
18   motion, I see the responses, why, we will rule and have the
19   case move forward.
20                I can't think of anything else we need to do
21   in this case at this time.  So that concludes the hearing.
22           (Judge Baker's telephone is disconnected.)
23                MR. JOHNSON:  There is one further matter,
24   Your Honor, and I brought it up to opposing counsel.
25                My wife would like to go back to the house in
```

1   July but she is afraid because of the threats that the City
2   of Kankakee has made.
3               So I asked opposing counsel for some
4   guarantee, otherwise I would want to put forth a temporary --
5   I'm sorry, a temporary injunction.
6               But my wife has not gone back to the house
7   because she is afraid, and I will be more than happy to put
8   in my motion for summary judgment her affidavit.  But she is
9   afraid of going back to her own house.
10          (No response.  Pause in proceedings.  Susan Abrams,
11  Judge Baker's law clerk responds.)
12              MS. ABRAMS:  Mr. Johnson, can you hold on for
13  a second?  We are doing this by telephone and I am not sure
14  the judge is still on the phone.
15              THE CLERK:  Judge Baker, are you still there?
16              MS. ABRAMS:  I believe he terminated the
17  conference before you began to talk about the other matter.
18              The only thing I could suggest is, if you want
19  the court to take some action or order something, you need to
20  file a motion.
21              MR. JOHNSON:  Yes, ma'am.
22              MR. SPESIA:  Could the record reflect I didn't
23  get a chance to say this when the judge was on?  That I was
24  on the phone.  This is Chris Spesia on behalf of Aqua.
25              I was not planning on participating because we

1  have been dismissed out.  But I got this call so I didn't
2  know if the judge had wanted me to participate.  Could the
3  record reflect that I was on this call?
4              MS. ABRAMS:  Yes.  And you do not want to be
5  involved in further telephone conferences, I assume?
6              MR. SPESIA:  I have been dismissed out of the
7  case.
8              MS. ABRAMS:  If you're ever called again, I
9  think what you need to do is let the Clerk know you are not
10 in the case anymore and you don't need to sit in on the
11 conference.
12             MR. SPESIA:  I think my assistant intended to
13 do that.  So I guess that's it.
14
15                  COURT REPORTER'S CERTIFICATE
16
17    I, TONI M. JUDD, United States Court Reporter,
18  hereby certify that the foregoing is a true and
19  accurate transcript from the Record of Proceedings in
20  the above-entitled matter.
21
             Dated this 4th day of June, 2010.
22
23
                         S/Toni M.  Judd
24
                    _____
25                    Toni M. Judd, U.S. Court Reporter